IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CARMEN RAMOS, <br>     Plaintiff, <br><br>     v. <br><br> WELLS FARGO HOME MORTGAGE, *et al.*, <br>     Defendants. | * <br> * <br> * <br> * <br> * <br> *    Civil Action No. 11-cv-03130-AW <br> * <br> * <br> * <br> * |

**************************************************************************

## Memorandum Opinion

Pending before the Court is Defendants Wells Fargo Home Mortgage and Wells Fargo Bank, N.A.'s Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for Summary Judgment pursuant to Rule 56(a). Doc. No. 10. Plaintiff Carmen Ramos has been proceeding *pro se* in this case since November 2, 2011, when her action was removed to this Court. *See* Doc. No. 1. Plaintiff has been informed about her *pro se* status and Defendants' motion to dismiss, and has responded to the motion. *See* Doc. Nos. 11, 16. Thus, this matter is currently ripe for review. The Court has reviewed the documents filed by the Parties and finds no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, the Court GRANTS Defendants' motion.

### I.     Factual and Procedural Background

The following facts are drawn from the Complaint except where otherwise noted. This case arises out of Plaintiff's attempt to receive a loan modification from Defendants through its

participation in the United States Treasury Department's Home Affordable Modification Program ("HAMP"). Compl. ¶¶ 15-16.

The HAMP loan modification process occurs in two steps. First, the loan servicer decides whether the borrower is eligible to participate in HAMP**.** Compl. ¶ 9.  If a servicer finds that the borrower qualifies for HAMP**,** the servicer may offer the borrower a three-month Trial Period Plan ("TPP"), during which the borrower pays reduced payments. *Id.* If the borrower satisfies all the requirements of the TPP Agreement, he or she may then proceed to the next step, where he or she is offered a permanent loan modification. *Id.*

 On November 25, 2008, Plaintiff purchased property located in Silver Spring, Maryland, with a loan serviced by Defendants. Compl. ¶¶ 17-18. On or about September 5, 2009, Plaintiff completed and submitted a packet containing the prerequisite documents to apply for a TTP HAMP loan modification. Compl. ¶ 23. Plaintiff alleges that Defendants lost her loan modification paperwork several times, and that Defendants willfully, and in bad faith, ignored her application for a TPP loan modification.  *See* Compl. ¶¶ 24-26. Plaintiff also contends that Defendants carried out a fraudulent scheme against her, and fraudulently concealed material information from her. *See* Compl. ¶¶ 35-40, 42. Defendants state that Plaintiff paid off her loan in its entirety while her loan modification application was pending, and Plaintiff does not dispute this fact.

Plaintiff filed a complaint against Defendants in Montgomery County Circuit Court on September 22, 2011, and Defendant removed her action to this Court soon after. The Complaint alleges eleven causes of action against Defendants: Civil Conspiracy to Defraud (Count I), Unfair and Deceptive Trade Practices (Count II), Aiding and Abetting Fraud (Count III), Fraudulent Intentional Misrepresentations and Negligence (Count IV), Unjust Enrichment

(Count V), Civil Conspiracy (Count VI), Violation of the Maryland Consumer Protections Act Section 13–301, et seq. (Count VII), Commercial Loan Servicer Violations of Suppression (Count VIII), Breach of Duty, Care and Trust (Count IX), Breach of Good Faith and Fair Dealing (Count X), and Mental Anguish, Emotional Distress, and Psychological Trauma Resulting in PTSD (Count X) (sic).

On November 9, 2011, Defendants moved to dismiss Plaintiff's Complaint for failure to state a legal claim, and moved for summary judgment in the alternative. *See* Doc. No. 10. Therein, Defendants urge this Court to dismiss the Complaint because Plaintiff has no private cause of action for denial of her loan modification, and because Plaintiff pleads no other cognizable cause of action that would entitle her to relief.

**II.     Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal

allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

**III.     Analysis**

Defendants assert that the Complaint should be dismissed because it fails to state a claim upon which relief can be granted. Because the Court agrees, it finds resolution of this action to be proper pursuant to Rule 12(b)(6) and accordingly does not reach Defendants' Motion for Summary Judgment.

Plaintiff's allegations in counts I, II, III, IV, V, VI, VII, VIII, IX, X, and X (sic) all arise out of Defendants' alleged failure to follow the HAMP procedures set forth by the Treasury Department  to determine whether a party is eligible for a loan modification.

There is no private cause of action under HAMP for violating the Treasury Department's servicing guidelines under the program, and  borrowers do not have a right to sue as third-party beneficiaries on servicing contracts between lenders and the federal government. *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC 10-3517, 2011 WL 3476994, at *11 (D. Md. Aug 8,

2011). Consequently, all counts must be dismissed because they are private actions claiming a right to relief based on Defendants' failure to follow the guidelines set forth by the Treasury Department under HAMP.

While Plaintiff alleges that Defendants violated the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann. Com. Law § 13-301 *et. seq.*, by engaging in fraudulent or deceptive trade practices, she must point to an agreement or offer between her and Defendants, apart from Defendants' obligations to her under HAMP guidelines, that violated the MPCA. *See Akinoye v. Wells Fargo Home Mortg.*, No. DKC 11-2336, 2011 WL 6180210, at *4-5 (D. Md. Dec. 12, 2011). Plaintiff does not allege that she entered into a TPP agreement with Defendants, nor does she allege that Defendants offered her a TPP modification. Because Plaintiff only alleges that Defendants failed a duty owed to her under HAMP guidelines, she cannot sustain a private cause of action for fraud, deceptive trade practices, or any other causes of action under the MPCA. *See id.*

### IV.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. A separate Order will follow.

|  |  |
|---|---|
| January 26, 2012 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |